

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-23-2008

# USA v. Rybner

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3156

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Rybner" (2008). *2008 Decisions.* Paper 500.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/500

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-3156

UNITED STATES OF AMERICA

v.

ANATOLY RYBNER
a/k/a TONY

Anatoly Rybner,

Appellant

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 06-cr-00779-1)
District Judge: The Honorable Katharine S. Hayden

Submitted Under Third Circuit LAR 34.1(a)
September 9, 2008

BEFORE: SLOVITER, FUENTES, and NYGAARD, Circuit Judges.

(Filed: September 23, 2008)

OPINION OF THE COURT

NYGAARD, Circuit Judge.

Because our opinion is wholly without precedential value, and because the parties and the District Court are familiar with its operative facts, we offer only an abbreviated recitation to explain why we will affirm the order of the District Court.

While awaiting sentencing for a bank fraud scheme to which he pleaded guilty, Anatoly Rybner committed more fraud and other crimes. He received a forty-six month sentence for the first round of fraud, and eventually entered into a second plea agreement for the later crimes. In the second agreement, he pleaded guilty to one count of bank fraud and one count of engaging in unlawful monetary transactions. In this agreement he also stipulated to yet another instance of bank fraud as an uncharged offense. On appeal, Rybner challenged the legitimacy of the second plea agreement and asserted that, for numerous reasons, the sentence that he received for those crimes is wrong. He also argued that his two sentences should be served concurrently rather than consecutively. We find Rybner's appeal to be without merit.

Because Rybner received a sentence that was below the sentencing guidelines, he paradoxically argued on appeal that his plea agreement is invalid, since the agreement rested upon a sentence "within the guidelines." While highlighting the specious nature of this argument, the government conceded that an ambiguity in the agreement can be argued. Instead the government asserted Rybner's substantive arguments are meritless. We agree.

Contrary to Rybner's assertion, the District Court fully considered an array of evidence in deciding upon the sentence. The District Court reviewed Rybner's

psychological examination on the record. Moreover, the District Court assessed multiple factors, including a motion for a downward departure from the government, in deciding upon the sentence. We conclude that the District Court followed proper procedures for determining a sentence. *United States v. Goff*, 501 F.3d 250 (3d Cir. 2007).

Moreover, contrary to Rybner's argument, the District Court did not consider erroneous facts in determining this sentence. The record makes clear that the District Court referenced Rybner's prior bank fraud <u>conviction</u> when it referred to "crimes of a like nature." The instant crime was committed while Rybner awaited sentencing for that crime. The government pointed to this fact, and the District Court properly considered it. We find no support for Rybner's contention that the District Court was referencing another matter.

Finally, Rybner argued that the previous bank fraud and auto fraud crimes should be served simultaneously, not consecutively. Nonetheless, Rybner entered into an unconditional guilty plea to the offenses in question, which waived this issue. At the time, he clearly understood that he would be sentenced separately for the offenses. Furthermore, in arguing for a lenient sentence, Rybner's counsel focused upon the fact that the two sentences would be served consecutively. Therefore, the District Court did not err in requiring Rybner to serve consecutive sentences.

For all of these reasons, we will affirm the order of the District Court.